UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Shane Rothe | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-cv-2352 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| iGloo Digital Marketing LLC, and Deryck Jones, Ayaka Jones, and Bruce Lavigne, individually. | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM ORDER AND OPINION**

Plaintiff Shane Rothe filed an amended seven count complaint against Defendants iGloo Digital Marketing LLC ("iGloo"), Deryck Jones, Ayaka Jones, and Bruce Lavigne, alleging that Defendants improperly obtained $368,899.01 from him through fraud. The complaint alleges violations of the Civil Racketeer and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, as well as state conversion, civil conspiracy, common law fraud, and unjust enrichment claims. Defendants have moved to dismiss all counts pursuant to Federal Rule of Civil Procedure 12(b)(2). For the reasons outlined below, the Court grants Defendants' motion [37], and Rothe's complaint is dismissed without prejudice.

**Background**

Plaintiff alleges that Defendants devised and implemented a digital fraud scheme to deceptively obtain $368,899.01 from him, through use of email hacking and spoofing. Plaintiff Rothe is an Illinois resident. On April 1, 2022, a piece of real estate in which Rothe owned an interest was sold. The buyers transferred the purchase price of $1,106,787.03 to Rothe's Colorado-based attorney, Harvey Williamson. On April 5, 2022, Williamson emailed the property interest-

holders, including Rothe, requesting their bank account information so he could transfer their portions of the proceeds. On April 6, 2022, Rothe emailed Williamson with his bank account information and wiring instructions.

The Defendants are: iGloo, a Virginia LLC registered in Delawar; Virginia residents Deryck and Ayaka Jones are Virginia resident, the founder and President and Chief Financial Officer, respectively, of iGloo; and Massachusetts resident Lavigne. According to the Complaint, unbeknownst to either Williamson or Rothe, in the weeks leading up to April, 2022, Defendants had secretly obtained access to Williamson's email account through the use of hacking software. Aware that Williamson was awaiting wire instructions from the property-interest holders, Defendants accessed Williamson's email and deleted Rothe's April 6 email with wiring instructions.

On April 7, Defendants, "spoofed" Rothe's email account and emailed Williamson with false wire instructions purporting to be from Rothe.[1] The email instructed Williamson to transfer the funds to a bank account maintained by Evolve Bank & Trust in Tennessee under the name iGloo Digital Marketing LLC. This bank account was opened by Defendant Jones. Later on April 7, Williamson, unaware of the deception that had occurred, wired Rothe's allotted $368,899.01 portion of the sale proceeds to iGloo's bank account. On April 8, Defendants again accessed Williamson's email and emailed Rothe to send a "lulling email", falsely reassuring him that the wire transfer to his bank account was being processed. Meanwhile, Defendants initiated a series of wire transfers from iGloo's bank account to personal accounts controlled by Defendants Deryck Jones and Ayaka Jones.

**Legal Standard**

A motion to dismiss under Rule 12(b)(2) tests whether the federal court has personal jurisdiction over a defendant to adjudicate claims against him. *Matlin v. Spin Master Corp.*, 921 F.3d

---

[1] Defendants allegedly transposed two letters in Rothe's email address, rothesoup@gmail.com, registering a nearly identical email address, rothesuop@gmail.com, which they used to email Williamson. [Dkt. 25, ¶ 12, 19].

701, 704 (7th Cir. 2019). "The Illinois long-arm statute requires nothing more than the standard for federal due process." *John Crane, Inc. v. Shein Law Ctr., Ltd.*, 891 F.3d 692, 695 (7th Cir. 2018). Due process requires that defendants have "minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945) (internal citation omitted). "Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties." *Walden v. Fiore*, 571 U.S. 277, 284, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014). Although the plaintiff bears "the burden of establishing personal jurisdiction," "[w]hen the district court bases its determination solely on written materials and not an evidentiary hearing, plaintiffs must only make a prima facie showing of personal jurisdiction over the defendants to survive their motion to dismiss." *Matlin*, 921 F.3d at 705. When considering a Rule 12(b)(2) motion, courts accept well-pleaded facts as true. *Id.* In addition, a plaintiff's affidavit "asserting personal jurisdiction is presumed true only until it is disputed" and once it is disputed, plaintiff "must prove what it has alleged." *Durukan Am., LLC v. Rain Trading, Inc.*, 787 F.3d 1161, 1163-64 (7th Cir. 2015).

**Discussion**

Under the due process clause, courts recognize both general and specific personal jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 128, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014). Plaintiff does not argue that the Court has general personal jurisdiction over Defendants, so the Court turns instead to specific personal jurisdiction. Specific jurisdiction exists when the lawsuit arises from the defendants' contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8, (1984). Specific jurisdiction has three general requirements:

> First, the defendant's contacts with the forum state must show that it "purposefully availed [itself] of the privilege of conducting business in the forum state or purposefully directed [its] activities at the state." Second, the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities. And finally, any

3

> exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice.

*Curry v. Revolution Laboratories*, LLC, 949 F.3d 385, 398 (7th Cir. 2020) (quoting *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir. 2019)).

The prong in dispute here is the first: whether Defendants' "conduct underlying the claims was purposely directed at the forum state." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010). The Supreme Court has consistently held that "the plaintiff cannot be the only link between the defendant and the forum," and that the "defendant's conduct [] must form the necessary connection with the forum State" to give rise to jurisdiction. *Walden*, 571 U.S. at 285. "Tortious acts aimed at a target in the forum state and undertaken for the express purpose of causing injury there are sufficient to satisfy *Calder*'s express aiming requirement." *Tamburo,* 601 F.3d at 707.

To meet the express aiming requirement, the Defendants' conduct must be: "(1) intentional conduct (or 'intentional and allegedly tortious' conduct); (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt—that is, the plaintiff would be injured—in the forum state." *Tamburo,* 601 F.3d at 703. Online activity presents a challenge for assessing the minimum contacts necessary to establish personal jurisdiction, but thus far the Seventh Circuit has declined to develop special tests for online trans-border activity. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball*, Inc., 751 F.3d 796, 802 (7th Cir. 2014).

First, assessing each of the express aiming prongs in turn, it is clear that Defendants' conduct was intentional, thus meeting the first prong. Second, Defendants' conduct was also aimed at Illinois. Plaintiff asserts that the "lulling" email sent to plaintiff, in addition to Defendants' broader "targeting" of plaintiff, constitute activities targeted at Illinois. To assess the argument here, it is helpful to break down Defendants' alleged scheme into its component parts. Defendants are alleged to have (1) hacked Williamson's email, (2) intercepted and hidden an email from Rothe to Williamson, (3) spoofed an email from Rothe to Williamson, and (4) sent a "lulling" email to Rothe

4

from Williamson's email account. All but the first of these actions are online activities directed at an Illinois resident. Defendants contend that their activities were aimed at Colorado, not Illinois, because Williamson is located in Colorado. The Tenth Circuit has rejected similar logic, analogizing to a "bank shot" in basketball.[2] *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1075 (10th Cir. 2008) (Gorsuch J) (finding that an email sent to California, but with the intent of stopping an online auction based in Colorado, contributed to defendant's minimum contacts in Colorado). "A player who shoots the ball off of the backboard intends to hit the backboard, but he does so in his further intention of putting the ball into the basket." *Id.* Here, Defendants hacked Williamson's email in Colorado with the further intention of defrauding the Plaintiff in Illinois.

Defendants targeted Rothe through a review of his lawyer's emails, intercepted a communication from him, impersonated him, and sent him a reassuring email after the fact. Defendants contend, citing a number of cases to that effect, that a single email is not sufficient to establish minimum contacts. The "lulling" email sent on April 8, though after the fraudulent transfer of funds, is "relevant to the evaluation of the defendant's minimum contacts with the forum state for purposes of establishing personal jurisdiction in a case alleging a fraud." *Felland v. Clifton*, 682 F.3d 665, 675–676 (7th Cir. 2012). But the lulling email is not the sole contact with Illinois here. It was part of a larger scheme targeting Plaintiff. These contacts were not "random," "fortuitous," or "attenuated." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). This is not a case where Defendants emailed a long list of recipients, one of whom happened to live in Illinois. *Cf. Advanced Tactical Ordnance Sys*, 751 F.3d at 803. Instead, Defendants targeted one recipient at his residence in Illinois and engaged in a multi-part scheme to defraud him of his property. Because the overwhelming majority of the actions taken by Defendants underlying this litigation were directed at Plaintiff in Illinois, the second prong is met. *Cf. United Airlines, Inc. v.*

---

[2] Bank shots deflect off the backboard into the net.

*Zaman*, 152 F. Supp. 3d 1041, 1052–53 (N.D. Ill. 2015) (Blakey, J.) (finding one email chain and phone call directed at Illinois did not create personal jurisdiction when most other communications were directed at other states).

The Amended Complaint does not, however, make a sufficient showing of the third prong: knowledge. Defendants knew that the effects of their actions would be felt in the state in which Plaintiff resides. However, Plaintiff has not made any showing that Defendants were aware that Plaintiff resided in Illinois, specifically. *Cf. Campbell v. Campbell*, 262 F. Supp. 3d 701, 705–06 (N.D. Ill. 2017) (Bucklo, J.) (noting that defendant knew that plaintiff would be injured in Illinois, specifically, due to geographic references in communications). This Court wonders whether a knowledge requirement is prudent, in the context of exclusively online, fraudulent activity. Under the status quo, digital fraudsters need only remain ignorant of their victim's state of residence in order to evade personal jurisdiction in all but their home states. Nevertheless, this Court is not empowered to depart from Seventh Circuit precedent, which makes clear that the traditional rules for personal jurisdiction apply in the digital context.

But for Plaintiff's failure to allege that Defendants were aware he is an Illinois resident, Plaintiff has sufficiently established that this Court has personal jurisdiction over defendants. Although the Amended Complaint does not allege that Defendants had knowledge Plaintiff resides in Illinois, it does support such an inference (as Plaintiff noted at oral argument). For instance, Defendants had access to Plaintiff's attorney's emails, including an email from Plaintiff with his bank wiring instructions. Any reference to Plaintiff's home state in these communications would support a conclusion that Defendants had knowledge that Plaintiff was an Illinois resident. Because of this, the Court grants Plaintiff 21 days to file an Amended Complaint alleging that Defendants had knowledge that Rothe is an Illinois resident. Alternatively, Plaintiff may file a motion for limited jurisdictional discovery to assess whether Defendants possessed such knowledge.

**Conclusion**

Based on the foregoing, the Court grants Defendants' motion to dismiss [37]. Plaintiff's Amended Complaint is dismissed without prejudice. The Court also grants Plaintiff leave to file a Third Amended Complaint, curing any jurisdictional deficiency, within 21 days.

IT IS SO ORDERED.

Date: 2/23/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge